**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SAIA MOTOR FREIGHT LINE, LLC**                                   **PLAINTIFF**

**V.**                                          **CAUSE NUMBER: 4:25-cv-00123-JDM-JMV**

**XAVIER HUDSON, DR. HAROLD WHEELER**
**and JOHN DOES 1-4**                                              **DEFENDANTS**

## ORDER AND MEMORANDUM OPINION

Plaintiff Saia Motor Freight Line, LLC moved for default judgment against Defendants Xavier Hudson and Dr. Harold Wheeler for damage done to Saia Motor's truck. The Clerk has already entered default against each defendant. And because no defendant has appeared to defend the case, Saia Motor's motion is **GRANTED**.

### Facts and Procedural History

Saia Motor sued Hudson and Wheeler over a June 9, 2023 traffic accident. It alleged Hudson towed unlit farming equipment—owned by Wheeler—on the interstate just after midnight. Saia Motor's truck driver then came upon the unlit equipment and crashed. According to Saia Motor, this resulted in a total loss of its truck and extensive damage to its trailers. Saia Motor's complaint asserts various negligence claims and requests damages exceeding $75,000, prejudgment interest, punitive damages, and other costs and relief.

No defendant responded. So on November 18, 2025, the Clerk entered default against Hudson and Wheeler. After no further activity in the case or appearance by either defendant, Saia Motor moved for default judgment on February 3, 2026. It asks for $75,665.36 and prejudgment interest.

**Discussion**

"After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances." *EW Polymer Grp., LLC v. GSX Int'l Grp., Inc.*, 622 F. Supp. 3d 232, 237-38 (M.D. La. 2022) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "Second, the Court must assess the merits of Plaintiff's claims and determine whether Plaintiff has a claim for relief." *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975), *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016)).

*Default Judgment is Appropriate*

There are six factors in determining whether default judgment is appropriate: (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893.

All these factors weigh in favor of Saia Motor. There are no apparent material issues of fact and no substantial prejudice. To date, no defendant has filed a responsive pleading. And because no defendant plead or otherwise appeared to defend against Saia Motor's claims, the Clerk entered default against each defendant. *See* Fed. R. Civ. P. 55(a). So the grounds for default have been established. Further, the judgment sought is not overly harsh. It requests only the amount testified to by Saia Motor's claims adjuster Brad Naquin. And Naquin's affidavit sets forth the

2

direct costs Saia Motor paid to repair its truck, trailers, and equipment. Therefore, default judgment is appropriate.

### Saia Motor's Claims Have Merit

Saia Motor also has several meritorious claims for relief. It alleged negligent property damage against both Hudson and Wheeler, vicarious liability, and negligence per se. The Court finds Saia Motor clearly established each claim in its complaint and that each claim has merit.

### Damages are Clear

After determining default judgment should be entered, the Court next examines the proof of damages. In default judgments, damages must be shown in a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But a hearing is unnecessary when "the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents." *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 816 (N.D. Tex. 2015) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Saia Motor asks for the direct costs and losses incurred after the accident. Naquin's affidavit establishes these costs to be $75,665.36. And the Court finds no reason to deny the requested damages for repairs. Saia Motor also seeks prejudgment interest. But because it did not point to any interest rate or argue why it is entitled to prejudgment interest, the Court exercises its discretion to deny the request for interest.

**Conclusion**

For these reasons, Saia Motor's Motion for Default Judgment [20] is **GRANTED** against Xavier Hudson and Harold Wheeler in the amount of $75,665.36.  Hudson and Wheeler are jointly and severally liable for this amount.

**SO ORDERED**, this the 7th day of April, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI